IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CRAIG B. and ANNAMARIE PRESTON**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2395-L** |
| | § | |
| **SETERUS, INC., FANNIE MAE** | § | |
| **(FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION); MCCARTHY,** | § | |
| **HOLTHUS & ACKERMAN, LLP;** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.;** | § | |
| **MERCORP, INC.; and** | § | |
| **CTX MORTGAGE COMPANY, LLC,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This mortgage foreclosure case was removed to federal court on July 17, 2012, from the

134th District Court, Dallas County, Texas. Plaintiffs allege a number of claims against the

Defendants in this case and also filed an Application for Temporary Restraining Order (Doc. 1) to

enjoin Defendants from foreclosing on the property at issue and evicting Plaintiffs.  On August 22,

2012, at 10:30 a.m., the court held a telephonic conference on Plaintiffs' Application for Temporary

Restraining Order.  As explained during the hearing, there are four prerequisites for the extraordinary

relief of preliminary injunction or temporary restraining order.  A court may grant such relief only

when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2)
> there is a substantial threat that irreparable harm will result if the injunction is not
> granted; (3) the threatened injury [to the movant] outweighs the threatened harm to

the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida  v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.  *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.  Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion."  *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court.  *Mississippi Power & Light Co.*, 760 F.2d at 621.  Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule.  *Mississippi Power & Light*, 760 F.2d at 621.

For the reasons explained during the conference on Plaintiffs' Application, Plaintiffs have not met their burden of establishing any of the requirements for a temporary restraining order. Moreover, as noted by the court, Plaintiffs have an adequate remedy available to them under the Texas Rules of Civil Procedure as to the eviction proceeding pending in the Justice Court in Grand Prairie, Texas.  The court therefore **denies** Plaintiffs' Application for Temporary Restraining Order.

**It is so ordered** this 22nd day of August, 2012.

Sam A. Lindsay
United States District Judge