IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CRAIG B. and ANNAMARIE PRESTON**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2395-L** |
| | § | |
| **SETERUS, INC., FANNIE MAE** | § | |
| **(FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION); MCCARTHY,** | § | |
| **HOLTHUS & ACKERMAN, LLP;** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.;** | § | |
| **MERCORP, INC.; and** | § | |
| **CTX MORTGAGE COMPANY, LLC,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Temporary Injunction, filed August 31, 2012. After conducting a hearing and considering the motion, record, and applicable law, the court **denies** Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Temporary Injunction.

## I.    Background

This mortgage foreclosure case was removed to federal court on July 17, 2012, from the 134th District Court, Dallas County, Texas. Plaintiffs allege a number of claims against the Defendants in this case and also filed an Application for Temporary Restraining Order ("Application") (Doc. 1) to enjoin Defendants from evicting them from the property at issue ("Property"), located in Irving, Texas.[*] The Application was denied by order dated August 22, 2012,

after a telephonic conference on the matter was conducted.  For the reasons explained during the conference on Plaintiffs' Application, the court determined that Plaintiffs failed to meet their burden of establishing any of the requirements for a temporary restraining order.  The court further noted that Plaintiffs had an adequate remedy available to them under the Texas Rules of Civil Procedure as to the eviction proceeding pending in the Justice Court in Grand Prairie, Texas.

On August 31, 2012, Plaintiffs filed a verified Emergency Motion for Temporary Restraining Order and Request for Temporary Injunction ("Motion"), again seeking to enjoin Defendants from evicting them from the Property.  Plaintiffs allege in their Motion that the Property was sold in a foreclosure sale to Fannie Mae on June 5, 2012.  Thereafter, Fannie Mae initiated a forcible detainer action in Justice Court, Precinct 4, Dallas County, Texas, to obtain possession and remove Plaintiffs from the Property.

According to Plaintiffs' Motion, an eviction hearing is scheduled for September 6, 2012, in the forcible detainer action.  Plaintiffs contend that the Justice Court only has authority to "adjudicate Possession" and is barred from allowing arguments of title dispute and will have no choice but to grant Fannie Mae's request for forcible detainer and immediate eviction if Fannie Mae comes forward with the "Sheriff's Deed."  Pls.' Mot. 2-3.  Plaintiffs contend that when the issue of

---

[*] Plaintiffs have asserted the following claims: (1) alleged violations of section 12.002 of the Texas Civil Practice & Remedies Code based on alleged fraudulent recording of property records; (2) alleged violations of the Texas Deceptive Trade Practices Act and unjust enrichment based on the sale and securitization of mortgage; (3) negligent misrepresentation and fraud regarding true identity of lender and owner of the Note; (4) slander and quiet title based on Plaintiffs' conclusory assertion that they have superior title; (5) false, misleading representations and alleged violations of the Fair Debt Collection Act based on Plaintiffs' contention that the foreclosure was unlawful because Plaintiffs have stated numerous times that they are the lawful owners and Defendants' attempts to collect are not authorized by the Note and Deed of Trust; (6) alleged Real Estate Settlement Procedures Act or RESPA violations based on Defendants' alleged failure to timely inform Plaintiffs of the assignment and transfer of mortgage; (7) negligent supervision as to Defendants' employees who presumably handled the foreclosure and sale of the Property and any assignments; and (8) a request for declaratory judgment, under Texas law, stating that Plaintiffs are entitled to free and clear title to the Property, plus punitive damages and return of all prior payments made by Plaintiffs.

immediate possession requires resolution of a title dispute, neither the Justice Court nor the County Court at Law has jurisdiction to render a judgment for possession. Plaintiffs contend that the Justice Court cannot entertain requests for injunctive relief and therefore request this court to enter a restraining order or injunction to stop the eviction to give them time to resolve the title dispute.

On September 5, 2012, at 2:30 p.m., the court conducted a hearing on Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Temporary Injunction. Plaintiffs stated during the hearing that they had not made any payments on the Property since June 2010 but contended that they had a superior right to possession over Defendants due to alleged irregularities in the assignments and sale of the Property. The court explained that the issue of which party has a superior right to possession of the Property is properly before the Justice Court and does not support the injunctive relief requested by Plaintiffs. The court further noted that Plaintiffs had not met their burden of establishing the four requirements necessary for a preliminary injunction and restraining order.

## II.    Standard Applicable to Preliminary Injunction and Temporary Restraining Orders

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida  v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining

order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

## III.    Analysis

Plaintiffs raise two grounds in support of their Motion and request for injunctive relief. The court determines, however, that neither ground entitles Plaintiffs to the extraordinary relief requested.

### A.      Jurisdiction of the Justice Court to Determine Possession

Plaintiffs first argue that because the issues of possession and title as to the Property are intertwined, the Justice Court lacks jurisdiction to decide whether Fannie Mae is entitled to immediate possession of the Property and this court should enter a TRO or preliminary injunction to maintain the status quo until the issue of title can be resolved by this court. For support, Plaintiffs cite *Dormady v. Dinero Land & Cattle Company, L.C.*, 61 S.W.3d 555 (Tex. App.   San Antonio

**Memorandum Opinion and Order - Page 4**

2001, pet. dism'd w.o.j.) and *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App. Houston [1st Dist.] 2004, no pet.).

Neither of these cases supports Plaintiffs' argument that the Justice Court lacks jurisdiction to decide the issue as to whom is entitled to possession of the Property. Rather, both cases recognize that forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court, and the existence of a landlord-tenant relationship created by a deed of trust provides a basis for the justice court to determine the right to immediate possession without resolving the question of title. Here, the Deed of Trust attached to Plaintiffs' Complaint states:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Pls.' Compl., Exh. A 14, ¶ 22. Thus, the Justice Court can determine the parties' rights to possession of the Property without resolving the issue of title that is pending before this court.

Moreover, as the court previously explained to Plaintiffs, they have an adequate remedy available to them under the Texas Rules of Civil Procedure as to the eviction proceeding pending in the Justice Court in Grand Prairie, Texas. Specifically, the Texas Rules of Civil Procedure contain procedures by which Plaintiffs can delay execution of and appeal a judgment by the Justice Court as to possession.

## B.   Requirements for a TRO and Preliminary Injunction

Plaintiffs assert that they have satisfied the requirements for issuance of a TRO and preliminary injunction. Specifically, Plaintiffs state in their Motion that they:

> Due to the unique and irreplaceable characteristics of the real property and the ensuing permanent eviction causing the loss of the family home at issue in this

matter, Plaintiff[s] will suffer immediate, significant and irreparable harm if Defendants are not immediately restrained.  Based on information and belief Plaintiff[s] firmly believe that there is a substantial likelihood that they will prevail on the merits of this instant action; that there is an immediate and substantial threat of irreparable harm that will result if the injunction is not granted, i.e., Plaintiffs will be evicted from their home immediately and the family would have [no] place of shelter, thereby causing extreme emotional distress as well as economic loss; the threat of harm to Plaintiffs far outweighs any potential harm to any of the Defendants including but not limited to Fannie Mae; and that granting the injunction will not disserve the public interest in any fashion in fact, would be in the public's best interest in light of such demonstration of the justice system's fairness to individual rights despite the inequity in resources available to individual homeowners in distress versus banking giants with seemingly unlimited legal resources.

Finally and in support hereof, violations of RESPA, TILA, RICO and FDCPA were committed by Fannie Mae and/or their employees, agents, trustees, or substitute trustees during the foreclosure process, thereby nullifying the foreclosure sale and the Trustee's Deed that was granted to Fannie Mae.

Pls.' Mot. 3-4.  Unsupported conclusory statements such as this, however, are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction.  *See Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 66 (N.D. Tex. 1986).  Plaintiffs' Original Complaint, although verified, is likewise insufficient to establish the requirements for a TRO and preliminary injunction.

**IV.      Conclusion**

Accordingly, for the reasons set forth herein and explained during the September 5, 2012 hearing on Plaintiffs' Motion, the court **denies** Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Temporary Injunction.

**It is so ordered** this 5th day of September, 2012.

*Sam A. Lindsay*

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 6**