## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG B. and ANNAMARIE PRESTON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2395-L** |
| | § | |
| SETERUS, INC.; FANNIE MAE (FEDERAL | § | |
| NATIONAL MORTGAGE | § | |
| ASSOCIATION); MCCARTHY, HOLTHUS | § | |
| & ACKERMAN, LLP; MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC.; MERSCORP, INC.; and | § | |
| CTX MORTGAGE COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Seterus, Inc. ("Seterus"); Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and MERSCORP, Inc.'s ("MERSCORP") (collectively, "Defendants") Motion for Summary Judgment, filed on March 14, 2014 (Doc. 19).  After careful consideration of the motion, brief, appendix, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment ("Motion").

## I.      Factual and Procedural Background

### A.      Procedural Background

This is a  mortgage foreclosure action that was originally brought by Plaintiffs Craig B. Preston and Annamarie Preston ("Plaintiffs") on July 3, 2012, in the 134th District Court, Dallas County, Texas, against Seterus; Fannie Mae; MERS; MERSCORP; McCarthy, Holthus &

Ackerman, LLP (the "McCarthy law firm"); and CTX Mortgage Company, LLC ("CTX").[1]  In their Complaint, Plaintiffs assert claims against Defendants for wrongful foreclosure; alleged violations of section 12.002 of the Texas Civil Practice and Remedies Code ("CPRC");  unjust enrichment; negligent and fraudulent misrepresentation; slander of title and suit to quiet title; negligent supervision; and violations of the Federal Debt Collection Practices Act ("FDCPA") and the Residential Settlement and Procedures Act ("RESPA").  For reasons summarized below, the only claims remaining before the court are those under FDCPA and RESPA.

On July 17, 2012, Defendants removed the case to federal court on the basis of federal question jurisdiction. On July 24, 2012, Defendants moved to dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On August 31, 2012, Plaintiffs filed an emergency motion for a temporary restraining order to prevent foreclosure and eviction from their residence.  The court denied Plaintiffs' requests for a TRO on August 22, 2012, and on September 5, 2012, after determining that they could not meet all of the requirements for injunctive relief and had an adequate remedy available to them under the Texas Rules of Civil Procedure as to the eviction proceeding pending at that time in the Justice Court in Grand Prairie, Texas.

---

[1] CTX and the McCarthy law firm did not join Defendants' Motion and have not filed any motions in this action. Plaintiffs failed to properly serve them with summons.  On November 14, 2013, the court informed Plaintiffs that more than 120 days had passed since they filed their complaint and they still had not served CTX and the McCarthy law firm. The court provided them with additional time and directed them to serve the parties by December 13, 2013.  Plaintiff Craig Preston, as a party, attempted to serve these defendants, and in so doing failed to follow the applicable federal rules.  Service may not be effected by a party to a lawsuit. Fed. R. Civ. P. 4(c)(2) ("[A]ny person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).  Plaintiff did not effect service in accordance with Federal Rules of Civil Procedure 4(c)(2).  When a party fails to serve a defendant, the court must dismiss the action without prejudice.  Fed. R. Civ. P. 4(m).  Accordingly, the court will dismiss this action against CTX and the McCarthy law firm without prejudice.

On March 15, 2014, the court granted in part and denied in part Defendants' Motion to Dismiss.  The court dismissed Plaintiffs' FDCPA claim against CTX and their claims for negligent misrepresentation and supervision, DTPA violations, and unjust enrichment against all Defendants.  Furthermore, the court dismissed without prejudice Plaintiffs' declaratory judgment action and claim for CPRC violations insofar as they were based on failure to record assignments, failure to produce the orginal wet ink signature Note, and the "split-the-note" theories and gave them an opportunity to file an amended complaint to address the deficiencies noted by the court.  Plaintiffs never filed an amended complaint, and as a result, the court dismissed with prejudice their declaratory judgment action, as well as their CPRC, slander, and quiet title claims, leaving the alleged violations of the FDCPA and RESPA as the last two remaining claims.

On March 14, 2014, Defendants filed their Motion for Summary Judgment.  Plaintiffs never responded.  On April 8, 2014, Defendants filed their Notice of No Response by Plaintiffs to Defendants' Motion for Summary Judgment, urging the court to grant their Motion in light of Plaintiffs' failure to respond.

**B.      Factual Background**

In July 2007, Plaintiffs bought a home located at 671 Senda, # 47, Irving, Texas, 75039 (the "Property"). Plaintiffs brought this action in state court after Defendants initiated foreclosure proceedings on the Property. It is unclear from Plaintiffs' Original Complaint [sic] ("Complaint") in state court, however, which Defendant initiated the foreclosure proceedings or when the foreclosure took place. Likewise, although Plaintiffs allege that their mortgage was transferred a number of times, little or no details regarding the alleged assignments and assignees are included in the Complaint.

**Memorandum Opinion and Order - Page 3**

To finance the purchase of the Property, Plaintiffs signed a promissory note ("Note") in the amount of $287,939 with CTX as the lender. The Note was secured by a deed of trust ("Deed of Trust") on the Property that lists MERS as the nominee and beneficiary. According to Plaintiffs, the Note changed hands a number of times as a result of assignments by MERS or others. Plaintiffs allege that the Note was sold to a Wall Street trust, which resulted in the securitization or conversion of the Note to a mortgage-backed security as part of a securitized trust that Plaintiffs refer to as a "Real Estate Mortgage Investment Conduit" or "the REMIC." Pls.' Compl. 6. Plaintiffs allege that the REMIC subsequently assigned the Note to Fannie Mae, and when the Note was assigned to Fannie Mae, it "passed through MERS when MERS had no right or authority to assign said Note." *Id.* at 15. Plaintiffs dispute whether MERS had legal authority to make any assignments under the Note and Deed of Trust and contend that even if the initial transfer by MERS was valid, subsequent assignments were invalid because the securitization of the Note caused the Note and Deed of Trust to become split or separated or, alternatively, the initial assignment was to a nonmember of MERS. According to Defendants, Fannie Mae foreclosed and sold the Property on June 5, 2012, after Plaintiffs defaulted.

## II.    Motion for Summary Judgment Standard - No Response Filed

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary

judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992 ). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case

and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Plaintiffs filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Although Plaintiffs did not file a response to Defendants' Motion, their Complaint is verified and constitutes competent summary judgment evidence. The court may use information therein for ruling on the Motion to the extent it satisfies the applicable summary judgment standard.

## III.   Facts Deemed Admitted

While Plaintiffs' verified pleading constitutes competent summary judgment evidence, Plaintiffs failed to respond to Defendants' discovery requests. On June 24, 2013, Defendants sent their Requests for Admission to Plaintiffs. Plaintiffs failed to answer or object to the requests. Defendants urge the court to deem the requests admitted. Under applicable law, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The parties may stipulate to, or the court may order, a shorter or longer time to answer or object to the request. *Id.* Plaintiffs did not serve answers or objections to the requests, and nothing in the record shows that the parties stipulated to, or that the

court ordered, a time longer than 30 days to respond.  Accordingly, Defendants' Requests for Admissions are deemed admitted as a matter of law.

The effect of a matter admitted is that it "is conclusively established unless the court, on motion, permits the admission to be withdrawn." Fed. R. Civ. P. 36(b).  As Plaintiffs have not filed a motion, the matters set forth in Defendants' Requests for Admissions are conclusively established and constitute undisputed summary judgment evidence.

The following are among Defendants' Requests for Admissions that the court now deems admitted:

- Admit that Defendants never made a material misrepresentation to you regarding the character and legal status of your debt.

- Admit that Defendants never sent false correspondence to you or third persons.

- Admit that Defendants never threatened to take and did take actions that they could not legally take.

- Admit that you knew that Defendants were the lawful owners in interest of the debt.

- Admit that Defendants never engaged in unfair and deceptive means and attempts to collect the debt in a manner and amount not authorized by the original Mortgage and Note.

- Admit that any attempt by Defendants to repossess the Property was lawful.

- Admit that Defendants timely notified you of all appointments, assignments, or transfers of the Note and Deed of Trust.

- Admit that you never sent written demands to Defendants to show evidence of standing to claim a debt or that Defendants never refused to evidence such standing.

Defs.' Ex. B-1, 4-5.

IV.     **Plaintiffs' Claims**

A.      **FDCPA**

In their Complaint, Plaintiffs allege that Defendants misrepresented the character and legal status of the Note, sent false correspondence to Plaintiffs and other third persons, and assisted the filing of an unlawful foreclosure action.  More specifically, Plaintiffs contend that Defendants failed to communicate to third parties that Plaintiffs disputed the debt and misrepresented that they were the lawful owners of the debt or had authority to speak for the owner of the debt.  They also allege that Defendants attempted to collect the debt in violation of FDCPA and threatened to unlawfully repossess the Property.

Defendants argue that they are entitled to summary judgment because Plaintiffs' deemed admissions eliminate any genuine dispute of material fact.  Alternatively, they argue that Plaintiffs have no evidence to support their FDCPA claim and that they are not debt collectors under the FDCPA.  Because the deemed admissions preclude a genuine dispute of material fact, it is unnecessary to address Defendants' alternative arguments.

Plaintiffs are deemed to have admitted that: (1) Defendants never made a material misrepresentation regarding the character and legal status of the debt; (2) Defendants never sent false correspondence to third persons; (3) Defendants never threatened to take and did take actions that they could not legally take;  (4) Defendants never communicated false credit information to others and failed to state the debt was disputed; and (5) Defendants were the lawful owners in interest of the debt.  Defs.' Ex. B-1, 4-5.  These admissions eliminate any factual dispute.  Plaintiffs' admissions nullify the allegations in their Complaint.  Plaintiffs have not raised a genuine dispute of material fact, and therefore Defendants are entitled to judgment as a matter of law on this claim.

**Memorandum Opinion and Order - Page 8**

### B.      RESPA

In support of their RESPA claim, Plaintiffs allege in their Complaint: "Defendants failed to timely inform [them] of any alleged [a]ppointments, [a]ssignments and transfers of the mortgage in violation of RESPA."  Pls.' Compl. 32, ¶ 41. Plaintiffs also allege that "Defendants failed to timely notify Plaintiff of any change of servicers," and "Plaintiffs [have] previously made written demands to Defendants to show evidence of standing to claim a debt [,but] Defendants have refused to evidence such standing."  *Id.* ¶¶ 42-43.

Defendants argue that Plaintiffs' admissions extinguish any fact disputes and entitle them to summary judgment on this claim.  Alternatively, Defendants argue that Plaintiffs have no evidence to support their RESPA claim.  Because the deemed admissions preclude a genuine dispute of material fact, it is unnecessary to address Defendants' alternative arguments.

Plaintiffs are deemed to have admitted that: (1) Defendants timely notified Plaintiffs of all appointments, assignments, or transfers of the Note and Deed of Trust; (2) Defendants timely notified Plaintiffs of all change of servicers; and (3) Plaintiffs never sent written demands to Defendants to show evidence of standing to claim a debt or that Defendants never refused to evidence such standing. Defs.' Ex. B-1, 4-5.  These admissions nullify Plaintiffs' allegations of RESPA violations.  Plaintiffs have not raised a genuine dispute of material fact, and therefore Defendants are entitled to judgment as a matter of law on this claim.

### V.     Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists as to Plaintiffs' FDCPA and RESPA claims. Defendants are therefore entitled to judgment as a matter of law on these claims.  Accordingly, the court **grants** Defendants' Motion for Summary

Judgment and **dismisses with prejudice** this action against Seterus, Fannie Mae, MERS, and

MERSCORP.  The court also **determines** that Plaintiffs failed to effect proper service on CTX and

the McCarthy law firm and **dismisses without prejudice** this action against them.  Judgment will

issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

   **It is so ordered** this 23rd day of October, 2014.


              Sam A. Lindsay
              United States District Judge

**Memorandum Opinion and Order - Page 10**